**CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEY W. JACKSON,<br><br>            Plaintiff,<br>v.<br><br>NEW JERSEY DIVISION OF<br>DEVELOPMENTAL DISABILITIES<br><br>            Defendant. | Civil Action No.11-cv-2592<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion to dismiss the complaint by Defendant, New Jersey Division of Developmental Disabilities (DDD). Jackson suffers from a mental disability and is under the care of the DDD which provides housing and other services to Jackson. He filed pro se a handwritten complaint against the DDD, to which he attached several documents including a decision of the Office of Administrative Law (OAL).

As this memorandum is being written for the parties, the complete facts of the case are not set forth fully below. The complaint filed by Plaintiff in this case is similar to five other complaints filed by Mr. Jackson against the DDD in the United States District Court. See *Jackson v. New Jersey Division of Developmental Disabilities* (D.N.J. No. 09-5366); *Jackson v. Carlini* (D.N.J. No. 00-3091); *Jackson v. Richey* (D.N.J. No. 08-2385); *Jackson v. Gambino* (D.N.J. No. 08-3091); and *Jackson v. Gambino* (D.N.J. No. 08-3274). The complaint alleges, without any facts, that the DDD is "not in compliance with the Office of Administrative Law's initial decision dated April 4, 2011"; and that Mr. Jackson seeks to be placed "in a less structured

environment" in Mercer County rather than Burlington County. The administrative law judge dismissed the request by Jackson for an alternative service program placement within Mercer County, but ordered that he be placed on an emergency list for placement due to "imminent homelessness". The matter was referred back to the DDD where it was upheld except for two minor issues. On May 27, 2011, the DDD advised Jackson of his right to appeal the decision to the Superior Court of New Jersey, Appellate Division; however, Mr. Jackson filed a suit here instead.

"[W]e must accept all factual allegations in the Complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F. 3d 223, 229 (3d Cir. 2010). Pro se complaints are "liberally construed" and "held to a less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89 (2007). In this case there is an abstention issue and a *Rooker-Feldman* issue.

In New Jersey, there is a complex state regulatory scheme over homelessness of disabled persons, and how the state will provide assistance. The state regulatory scheme is an effort to establish a uniform policy over such issues. Generally, the court will abstain from interfering with the state process administering to a local concern. See *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). As such, the Court abstains from deciding the case in light of the state administrative and judicial review of the issue. *Id.* at 333-34.

In addition to abstention, there is also a *Rooker-Feldman* issue. In a prior case, the allegations are the same as in this case, i.e., Jackson was "denied an emergency placement because of his dual diagnosis" and he sought "placement in better care housing." *Jackson v. N.J.*

*Division of Developmental Disabilities*, United States Court of Appeals for the Third Circuit, Docket No. 10-2825 (September 17, 2010). Based on the prior case, it appears that the *Rooker-Feldman* doctrine applies since the facts and law has been determined. *Exxon Mobil v. Saudi Basic Industries*, 544 U.S. 280, 283 (2005). There is no reason to re-litigate the same issues.

IT IS on this 19th day of December, 2011

ORDERED that the Complaint is dismissed with prejudice; and it is further

ORDERED that Judge Cooper's prior order in civil action 09-5366 (docket entry 45) enjoining and prohibiting certain conduct by Joey Jackson is adopted and incorporated herein.

_____
PETER G. SHERIDAN, U.S.D.J.